[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed May 23, 1997
By objecting to written discovery in this petition for a new trial, the defendant State of Connecticut has raised the issue whether the plaintiff petitioner, by means of written interrogatories, can require the defendant to disclose the "factual basis" of the defendant's denial of various aspects of the complaint. It also broadly requests production of "every document" claimed to support denial of various factual allegations of the complaint. The defendant is also now asked to state whether it claims any "waiver" of the right to counsel in a prior proceeding occurred.
This is a case where the plaintiff, as conservatrix, seeks to open a seven year old paternity judgment against her ward concerning a child who would now be age 16. The judgment was entered after the petitioner's ward made default of appearance.
Because the court agrees with the defendant that what the plaintiff seeks would inevitably result in disclosure of the strategic legal theories of a party and its attorneys, the defendant's objection is sustained.
Section 218 of the Practice Book permits discovery of CT Page 5717 information "material to the mover's cause of action . . ." which is not privileged" if the "disclosure sought would be of assistance" in the prosecution of the action and if it can be provided by the party against whom discovery is sought "with substantial greater facility than it could otherwise be obtained by the party seeking disclosure."
Section 219 of the Rules of Practice permit discovery of material prepared in anticipation of the litigation only on a showing that: (1) there is substantial need of the material in the preparation of this case; (2) and that [s]he is unable without "undue hardship to obtain the `substantial equivalent' of the materials by other means; (3) and provided no disclosure of the mental impressions, conclusions or legal theories of an attorney or other representative such as insurer, concerning the litigation results from the court-ordered discovery. See P.B. 219; P.B. 216. It is clear that as to this third aspect of the rule that the prohibited disclosure of the strategic mental impressions, conclusions or legal theories apply to attorneys for a party.
Because an order granting the discovery the plaintiff requests would inevitably result in violation of the rule against impermissible disclosure of the mental impressions or theories of the defendants or their attorneys, the plaintiff's objections are sustained. The plaintiff is simply not entitled to "every document" claimed to support denial of particular paragraphs. Additionally, at this early stage of proceedings the State is not required to declare whether it will at some time maintain that the plaintiff waived or gave up the right to counsel.
Furthermore, the plaintiff has not shown substantial need. By denying certain factual allegations that the plaintiff has alleged, the defendant has properly framed the issues for trial. The effect of any such denial of any portion of the complaint is to say that certain of the facts or legal conclusions which the plaintiff has pled are not true, and place upon the plaintiff the burden of proving them. The plaintiff has a wide range of discovery vehicles available. However, the rules of practice do not contemplate the disclosure of "every document" in the defendant's file or its attorney's file supporting its denials or theories of defense of the case.
Objections sustained. CT Page 5718
Flynn, J.